UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND B. MCCOWAN,<br>Plaintiff,<br>v.<br>R. L. GOWER,<br>Defendant. | Case No. 15-cv-03266-JST<br><br>**ORDER REOPENING CASE AND ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner incarcerated at Centinela State Prison, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from San Francisco County Superior Court. On January 8, 2016, because two of petitioner's nine claims were unexhausted, the Court stayed the petition and administratively closed this case so that Petitioner could exhaust the unexhausted claims in the state courts. Docket No. 11.

On March 14, 2016, Petitioner filed a copy of the petition for a writ of habeas corpus that he filed with the California Supreme Court, and the California Supreme Court's February 17, 2016, denial of that writ. Docket No. 13. The Court construes this filing as a motion to reopen the case. Petitioner appears to have exhausted all the claims presented in his initial petition. Good cause shown, Petitioner's motion to reopen is GRANTED.

Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, the Court reviews the petition.

## BACKGROUND

In 2012, Petitioner was convicted by a jury of kidnapping, domestic violence, assault with force likely to produce great bodily injury, violating a stay-away order, and resisting or obstructing a peace officer. See Docket No. 1 ("Pet.") at 1–2. He was sentenced to thirteen years

in state prison. See id. at 1. His conviction was affirmed by the California Court of Appeal in 2012, and his petition for review was denied by the California Supreme Court on July 9, 2014. See id. at 3. Petitioner reports that he did not file any state habeas petitions before commencing this action. See id. at 3. The instant action was filed on July 14, 2015. On or about November 20, 2015, Petitioner filed a petition for a writ of habeas corpus with the California Supreme Court, see Docket No. 13-1 at 2, which was denied on February 17, 2016, see id. at 1.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

In his petition, Petitioner claims the following grounds for federal habeas relief: (1) the trial court erred by admitting cumulative prejudicial propensity evidence; (2) his rights to due process, a fair trial, and equal protection of the law were violated when the prosecution failed to disclose exculpatory *Brady* evidence; (3) ineffective assistance of trial counsel; (4) insufficient evidence to support his conviction for resisting or obstructing a police officer; (5) insufficient evidence that his 1982 conviction for great bodily injury constituted a violent felony with the meaning of section 667(a)(1) of the California Penal Code; (6) the trial court violated his due process rights because it relied upon improper aggravating factors in determining his sentence; (7) the trial court violated his due process rights because it failed to consider mitigating factors in determining his sentence; (8) ineffective assistance of appellate counsel; and (9) his rights under the Confrontation Clause were violated. Liberally construed, Petitioner's claims are cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

1. The Clerk shall mail a copy of this order and the petition, with all attachments, to the respondent and the respondent's attorney, the Attorney General of the State of California. The

Clerk shall also serve a copy of this order on Petitioner.

2. The Court notes that the writ for a petition of habeas corpus that Petitioner filed with the California Supreme Court on November 20, 2015, appears to differ from the petition filed in the instant action. The petition filed on July 14, 2015 (Docket No. 1) initiated this action and is the operative petition. If Petitioner seeks to have the Court consider additional claims for habeas relief beyond the claims found cognizable above, Petitioner should file an amended petition with this Court, listing all claims for habeas relief. The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows amendments with leave of court any time during a proceeding. Mayle v. Felix, 545 U.S. 644, 654–55 (2005) (citing Fed. R. Civ. P. 15(a)). Before a responsive pleading is served, pleadings may be amended once as a matter of course, i.e., without seeking court leave. Id. at 655.

Petitioner is cautioned that, generally, amendment of a petition constitutes waiver of any arguments or claims from previous versions of the petition that are not raised in the amended petition. See Sechrest v. Ignacio, 549 F.3d 789, 804 (9th Cir. 2008). In other words, the filing of a new petition cancels out and waives any claims from the old petition. Id. In addition, Petitioner is cautioned that amendments must also satisfy AEDPA's one-year statute of limitations. "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650. Amended petitions relate back to the date of the original pleading if the original and amended pleadings "'ar[i]se out of the same conduct, transaction, or occurrence.'" Id. at 655 (quoting Fed. R. Civ. P. 15(c)(2)).

3. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Pursuant to Federal Rule of Civil Procedure 25(d), the Court sua sponte substitutes Warren L. Montgomery, the current warden of Calipatria State Prison, where Petitioner is currently incarcerated, as Respondent.

IT IS SO ORDERED.

Dated: April 11, 2016

_____
JON S. TIGAR
United States District Judge